# NELS NELSON *et ux.*

*v.*

# CHARLES J. BORCHENIUS.

1. PLEADING—*slander—sufficiency of declaration upon motion in arrest of judgment.* In an action for slander, the declaration averred that the plaintiff was a trader, and that defendant falsely said of and concerning him in his trade and business as a merchant, that he was a villain, a rascal and a cheater, meaning the plaintiff was then and there a villain, a rascal and a cheater in his said business as a merchant: *Held*, that, upon a motion in arrest of judgment, the declaration was sufficient in substance.

2. SLANDER—*words not actionable per se, become actionable when spoken in reference to one in his business.* Although the words alleged to have been spoken, are not actionable *per se*, yet they are of such a character that when spoken in reference to a person in his business, are actionable, without the averment of any other extrinsic circumstance to explain them.

3. MOTIONS—*in arrest of judgment—what objections can be heard upon.* Upon a motion in arrest of judgment, objections going to the substance, only, can be heard.

4. EVIDENCE—*slander—in actions for—proof as to the sense in which the hearers understood the words—admissible.* In actions for slander, the testimony of the hearers as to the sense in which they understood the words spoken, is admissible.

5. SAME—*such testimony not conclusive upon the jury.* But such testimony is not conclusive upon the jury. It is admissible as tending to show what meaning hearers of common understanding would and did ascribe to them.

APPEAL from the Circuit Court of LaSalle county; the Hon. E. S. LELAND, Judge, presiding.

This was an action on the case for slander, brought in the circuit court of LaSalle county, by the appellee, Charles Borchenius, against Nels Nelson and Kate Nelson, his wife, the appellants. The averments in the declaration are sufficiently set out in the opinion. The cause was tried before the court and jury, and a verdict found for the plaintiff. A motion in arrest of judgment was made by the defendants, which the

court overruled, and rendered judgment for the plaintiff for one cent, and costs.   Whereupon, the defendants appealed to this court.

Mr. B. C. COOK, for the appellants.

Mr. OLIVER C. GRAY and Mr. B. M. ARMSTRONG, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court :

There can be no doubt about the sufficiency of the declaration in this case, upon a motion in arrest of judgment.   The allegations are, that Mrs. Nelson falsely said of and concerning the plaintiff, and of and concerning him in his trade and business as a merchant, that he was a villain, a rascal, and a cheater, meaning that the plaintiff was then and there a villain, a rascal, and a cheater, in his said business as a merchant.

The declaration had already set forth the fact that the plaintiff was a merchant, and these averments sufficiently apply the slanderous words to his business.   The words in this case, though not in themselves actionable, were, nevertheless, of such a character that, if spoken as averred, concerning the plaintiff in his trade as a merchant, they were actionable, without the averment of any other extrinsic circumstance to explain them than the fact that the plaintiff was such trader or merchant.   The declaration meets these requirements.   It avers the plaintiff was a trader, and that the words were spoken of him in his trade.   This is sufficient in substance, and it is only objections going to the substance that can be heard upon this motion.

It is further urged that the court erred in permitting the witnesses to testify that they understood the defendant to be speaking of the plaintiff in his business as a merchant.   It is claimed the witnesses can only testify as to what words were

spoken, and the jury must determine the sense in which they were spoken, and to what they were designed to apply, without aid from the testimony of the witnesses as to the sense in which they understood them. Although there is much conflict in the cases, we are of opinion the weight of authority and the sounder reason are adverse to this position.

The rule laid down by Pollock Ch. B. in *Hawkinson* v. *Bilby*, 16 M. & W. is, " the words must be construed in the sense which hearers of common and reasonable understanding would ascribe to them." It may well be asked what better guide there is, in that inquiry, than to ascertain how they were really understood by the bystanders. It has been held, if the words are ambiguous, and the hearers understood them in an actionable sense, it is sufficient; for it is this which caused the damage; and if a foreign language is employed it must appear to have been understood by the hearers. *Fleetwood* v. *Curley*, Hob. 268. So evidence that plaintiff had been made the subject of laughter at a public meeting is admissible, for the purpose of showing how the words were understood. *Cook* v. *Mead*, 6 Bing. 409. The essence of the injury is the effect created by the slander upon the minds of the hearers, and it seems to us extraordinary that a person having used language concerning another which all his hearers understood in a slanderous sense, should be permitted to escape the legal consequences by saying he did not use the words in that sense. It was his duty to avoid the use of language which would be liable to such a construction in the minds of reasonable men who might hear him. We do not mean that their construction would be conclusive upon the jury, but it is admissible in evidence, as tending to show what meaning hearers of common understanding would and did ascribe to them. If words spoken in a foreign language, not understood by the hearers, can not be slanderous, it would seem necessarily to follow that the sense in which they are understood by the hearers is the essential inquiry. Hobart says, page 268, the slander and damage consist in the apprehension of the

hearers; and in Gilbert's Cases on Law and Equity, page 117, the rule is laid down that the words shall be taken in the sense in which the hearers understood them. This rule is so far modified that the understanding of the hearers is not conclusive upon the jury; but that they should be permitted to state what it was, we entertain no doubt. In cases of this kind, the impression made upon the minds of the hearers goes to the gist of the action, and hence, a slander in a language unknown to the bystanders is not actionable. As said by PARKE, B. in *Hawkinson* v. *Bilby*, 16 M. & W. 442, in reply to counsel who had quoted from Starkie on Slander, page 44: "The drift of Mr. Starkie's remarks is to show that the effect of the words used, and not the meaning of the party in uttering them, is the test of their being actionable; that is, first ascertain the meaning of the words themselves, and then give them the effect any reasonable bystander would affix to them. A man must be taken to mean what he utters."

In *Woolwoßh* v. *Meadows*, 5 East, 463, Lord ELLENBOROUGH, in passing upon the sufficiency of the declaration, said the plaintiff on the trial would be obliged to show, not only that the defendant intended to impute a crime to the plaintiff, but that the words were so understood by the hearers. The case of *Harrison* v. *Berington*, 34 Eng. Com. Law, cited by counsel for appellant, has no bearing on this question. It was a case at *nisi prius*, in which a witness stated that he "did not remember the words at all, only the impression made on his mind," and Lord ABINGER interrupted by saying: "What were the words? This is an action of slander; you can not have the impression." No case has been cited by counsel from the English courts, and we have found none, in which it has been held that witnesses, after proving the words spoken, if they are at all ambiguous, can not be permitted to tell the jury in what sense they understood them.

In Townshend on Slander, page 471, the rule is laid down as claimed by counsel for appellant, but the author cites only American cases, and of these the larger number are directly

240          NELSON *et ux. v.* BORCHENIUS.          [Sept. T.,

Opinion of the Court.

adverse to the doctrine announced in the text. In *Snell* v. *Snow*, 13 Metc. 281, the decision is very pointed against the admissibility of the evidence; but in the subsequent cases of *Miller* v. *Butler*, 6 Cush. 71, and *Leonard* v. *Allen*, 11 Cush. 241, this case, although not expressly overruled, is certainly not followed. The rulings in New York have excluded the evidence, as in *Van Vechtn* v. *Hopkins*, 5 Johns. 211, and *Gibson* v. *Williams*, 4 Wend. 320 ; but the opinion in *Phillips* v. *Barber*, 7 Wend. is not consistent with these cases.

On the other hand, in *Smart* v. *Blanchard*, 42 N. H. 146, the authorities are all reviewed, and the evidence is held admissible. It is also thus held in *Smith* v. *Miles*, 15 Vt. 245; in *Burton* v. *Holmes*, 16 Iowa, 252, and *Smawley* v. *Stark*, 9 Ind. 386. Greenleaf, in the 2d volume of his Evidence, sec. 417, says, from the nature of the case, witnesses must be permitted, in these cases, to state, to some extent, their opinion, conclusion and belief, leaving the grounds of it to be inquired into on a cross-examination. We are satisfied this is the true rule, and in accordance with it has been the general practice in this State, on the authority of what was said in *McKee* v. *Ingalls*, 4 Scam. 33.

Counsel for appellant object to the exclusion of a question which asked a witness his opinion as to the cause of Mrs. Nelson's anger when she uttered the words, and whether she was not talking in regard to an affair about some cologne, in regard to which there had been some testimony. The opinion of the witness as to the cause of her anger was incompetent, and the residue of the question he answered, stating that he' " understood the words she used to apply to the charge made against her of emptying the cologne bottle."

We find no error in this record, either in the rulings on the evidence, or the instructions, and the judgment must be affirmed.

*Judgment affirmed.*