## Sullivan v. Sullivan.

1. *Slander—Publication of the Words Complained of.*—If the persons in whose presence and hearing slanderous words are spoken, do not understand their meaning and do not repeat them to others, there is no such publication of the words as will support an action for slander.

2. *Character in Action of Slander.*—Where evidence of the plaintiff's character is competent in an action for slander it should be limited to the time of the alleged slander.

Memorandum.—Action for slander. Appeal from a judgment for the defendant rendered by the Circuit Court of McDonough County; the Hon. CHARLES J. SCOFIELD, Circuit Judge, presiding. Heard in this court at the May term, A. D. 1892, and affirmed. Opinion filed October 24, 1892.

### APPELLANT'S STATEMENT OF THE CASE.

Appellant brought suit in this case in the Circuit Court against appellee for slander, charging him with speaking of and concerning her the words : " You are nothing but a damned old whore." Plea, general issue; trial by jury; verdict for defendant.

The words were spoken in the presence of appellant's children, Maggie Sullivan and Jerry Sullivan who, upon cross-examination, said that they did not know the meaning of the words, " You are nothing but a damned old whore."

### APPELLANT'S BRIEF.

The words, " You are nothing but a d—d old whore" are actionable *per se.* R. S., Chap. 126, Sec. 1; Elam v. Badger, 23 Ill. 498; Schmisseur v. Kreilich, 92 Ill. 347.

Where the words are unambiguous and actionable *per se,* witnesses can not testify what they understand the words to mean. Sasser v. Rouse, 13 Ired. (N. C.) 142; Pitts v. Pace, 7 Jones (N. C.), 558; Jarnigan v. Fleming, 43 Miss. 710; Wright v. Paige, 36 Barb. (N. Y.) 438; Snell v. Snow, 13 Metc. (Mass.) 278; Olmsted v. Miller, 1 Wend. (N. Y.) 506.

The sense in which hearers understood the words is not conclusive upon the jury; the only object of such testimony is as tending to show the meaning hearers of common understanding would and did ascribe to them. Nelson et ux. vs. Borchenius, 52 Ill. 236.

The proof of plaintiff's character, if given, must have reference to the offense charged in the slander. Am. & Eng. Ency. of Law, Vol. 3, p. 114, note 2.

Evidence of plaintiff's bad character must be directed and applied to her character at and prior to the time of the slander, and not at the time of the trial. Douglass v. Tousey, 2 Wend. (N. Y.) 352; Starkie's Ev., pt. 4, 369, 878; 2 Campb. R. 251.

Neece & Son and Agnew & Vose, attorneys for appellant.

## Appellee's Brief.

In a slander suit, it is competent to show by the witnesses who testify to the uttering of the alleged slanderous words, that they did not understand and know the meaning thereof at the time or since the utterance thereof. Nelson v. Borchenius, 52 Ill. 236; Palmer v. Harris, 100 Am. Dec. 557; K— v. H—, 91 Am. Dec. 397; Hawks v. Patton, 63 Am. Dec. 266; Mielenz v. Quasdorf, 68 Iowa, 726; Newell on Defamation, Slander and Libel, 277, Sec. 70.

It is competent to show the sense in which the hearer understood the slanderous words at the time they were uttered, and the effect they produced upon the minds of the hearers, as that is the essence of the injury. Foval v. Hallett, 10 Brad. 265; McKee v. Ingalls, 4 Scam. 31; Hawks v. Patton, 18 Ga. 52.

The slander and the damage consists in the apprehension of the hearers. Newell on Slander, p. 301, Sec. 22, p. 311, Sec. 35; Fleetwood v. Curly, Hobart, 268.

In mitigation of damages it is competent to show the plaintiff's general reputation and general character. Greenleaf on Evidence, Vol. 2, 422, 424 and notes; Welker

v. Butler, 15 Brad. 209; Regnier v. Cabot, 2 Gilman, 34; Sheahan et al. v. Collins, 20 Ill. 326; Witherbee v. Marsh, 51 Am. Dec. 244; Eastland v. Bidwell, 4 Am. Dec. 668; Waters v. Jones, 29 Am. Dec. 261; Douglas v. Tousey, 20 Am. Dec. 616; Lamos v. Snell, 25 Am. Dec. 468; Gilman v. Lowe, 24 Am. Dec. 96; Am. and Eng. Ency. of Law, Vol. 13, pp. 443, 84, 93.

For a general discussion of this question see Newell on Slander, etc., p. 823, and cases cited.

Slanderous words spoken in a foreign language and not understood by the hearers are not actionable. Nelson v. Borchenious, *supra;* Palmer v. Harris, 60 Pa. St. 156; S— v. K—, 20 Wis. 239; Mielonz v. Quasdof, *supra;* Newell on S. and L., p. 277, Sec. 10.

Baily & Holly, attorneys for appellee.

Opinion by the Court.

This was an action for slander. Trial by jury. Verdict and judgment for defendant. Appeal to this court by plaintiff.

There was some conflict as to whether the actionable words alleged in the declaration were actually spoken by the defendant, and while it seems that the weight of evidence is with the plaintiff on this point, yet it may be the jury had sufficient reason for giving the greater credit to the defendant's testimony.

But we presume from all the abstract discloses that the case turned upon another point, which was that the persons who were present at the time of the alleged speaking of the slanderous words did not know the import and meaning of the same. These persons were the three young children of the plaintiff. They testify positively to the speaking of the words, but they say just as positively that they did not understand then, or at the time of the trail, what the words meant.

If this was so, then it was as though the words were in an unknown tongue, or the presence of persons devoid of

the sense of hearing, or to the plaintiff alone, no others being present, in all of which cases there is no ground of action. This, because the essence of the injury is the effect created by the slander upon the minds of the hearers. Fleetwood v. Curly, Hobart Reports, 267; Townshend on Slander and Libel, Secs. 95, 96 and 97; Starkie on Slander, Vol. 2, 52; Nelson v. Borchenius, 52 Ill. 236.

The action of the court in giving and modifying instructions on this point was correct and the errors assigned in reference thereto must be overruled. If the persons present did not understand the words and did not repeat them to others there was no publication in the legal sense. Some objection is made as to the ruling of the court in refusing to allow certain questions to be put to the witness Jerry Sullivan. Only two questions are involved. When the first was propounded counsel for defendant objected, and without waiting for a ruling by the court, propounded the second, to which objection was also interposed and sustained.

We think no error was committed therein. The questions were both leading and objectionable for that reason, especially when put to a young person, the child of the plaintiff. The second question was objectionable also in the assumption it contained, that the witness understood the words to have the meaning suggested by the question, and that such meaning was in effect slanderous.

It would have been easy enough to frame the questions properly, and we are not disposed to say that the court was too strict in the matter, under the circumstances.

It is objected also, that evidence was admitted as to the general character of the plaintiff without limiting the proof to the time of the alleged slander.

We find no objection on this ground interposed at the time. There was a general objection, which the court overruled, and to this no exception was saved. The evidence, while not in terms confined to the particular time when the words were alleged to have been spoken, evidently refers to that time, though the present tense was frequently used in

both question and answer, not only in the examination in chief but also in the cross examination. Such an objection should have been specifically made. It is evidently an afterthought. Finding no errors of any importance, we must affirm the judgment.