ALBERT J. DEXTER

v.

CALLIE S. HARRISON.

*Slander—Evidence—Instructions.*

1. In cases of slander, witnesses must be permitted to state to some extent their opinion, conclusion, and belief, leaving the grounds of it to be inquired into upon cross-examination. In the case presented it was proper to allow a witness for the plaintiff to give his understanding of whom the defendant spoke, upon a certain occasion.

2. It was not necessary that the instructions in this case should distinguish clearly between legal and actual malice, the words in question showing an utterance with actual malice.

3. It is not proper in such case to admit evidence as to what members of the plaintiff's family were dead, or as to the fact that the defendant had been guilty of disorderly conduct.

[Opinion filed December 29, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon. S. P. McCONNELL, Judge, presiding.

This was an action on the case, for slander, brought by the plaintiff, appellee, against appellant. The declaration, in substance, charged the defendant with having falsely accused the plaintiff of unchastity. A verdict of $5,000 was rendered. It was reduced by a *remittitur* to $2,500, and judgment rendered thereon. The only plea filed was the general issue. The only witness produced to testify to the uttering of the language complained of, was M. D. Brown, a lawyer, who testified that he had a conversation with the defendant on Dearborn street, in October of 1889, and that the defendant at that time uttered the words complained of.

Messrs. ABBOTT & BAKER, for appellant.

Messrs. DAHMS & LANGWORTHY, for appellee.

Dexter v. Harrison.

MR. JUSTICE WATERMAN.    It is insisted that the witness ought not to have been permitted to give his conclusions as to whom the defendant referred when he used the language complained of.

The testimony of the witness in relating the conversation had by him with appellant, leaves no doubt as to of whom appellant spoke. The witness, after giving the vile language uttered by appellant, the mildest part of which was "She is a damned old whore and old prostitute, and I can prove it," says that his reply to this was, "I told him I had never heard anything against his wife or any intimation of the kind." To this, appellant's reply was, that if the witness were not an old man he would whip him.

The Supreme Court of this State in the case of Nelson v. Borchenius, reported in 52 Ill. 236, said: "It is further urged that the court erred in permitting the witnesses to testify that they understood the defendant to be speaking of the plaintiff in his business as a merchant. Greenleaf in the second volume of his Evidence, Sec. 417, says, from the nature of the case, witnesses must be permitted in these cases to state to some extent their opinion, conclusion and belief, leaving the grounds of it to be inquired into on cross-examination. We are satisfied this is the true rule, and in accordance it has been the general practice in this State on the authority of what was said in McKee v. Ingalls, 4 Scam. 33." The witness was therefore properly allowed to give his understanding of whom appellant spoke.

It is urged that the verdict is against the weight of the evidence.

Jurors do not count witnesses; they rather weigh them. It is easy to be seen that the testimony of the defendant denying that he uttered the actionable words did not have much effect upon the jury. While it is true that appellant, whatever may have been his past life, is entitled to be tried with the same fairness and justice accorded to others—that the law is no respecter of persons—yet the statement of appellant that in 1866, '67, '68 and '69 he was in a number of businesses—paint, medicine and advertising, that in 1878 or

'79 he was advertising divorce business, that he earned the title of professor by caring for prominent people, "Presidents Garfield and Arthur," "Springer, of Illinois," "John G. Carlisle," and "many other prominent people," and that he received $10,000 for treating Samuel J. Tilden, were not calculated to induce the jury to believe him rather than the witness for the plaintiff.

Appellant's version of the conversation between him and Brown seems to be sustained by the testimony of his employe, Ernst, but we are unable to say that the preponderance of the evidence was not as the jury found it to be.

We do not think that it was necessary that the instructions in this case, however it might be in a different one, should have distinguished clearly between legal and actual malice. If appellant uttered the words testified to by Brown, he uttered them with actual malice. The words show, as clearly as it is possible for words to, an utterance with actual malice. Moreover, the plaintiff and her sister testified to conduct and words upon the part of appellant, showing his malicious feeling toward the plaintiff.

The sister of the plaintiff ought not to have been permitted to testify as to what members of the plaintiff's family were dead; and the statement that appellant had been guilty of "disorderly" conduct ought not to have been permitted to remain a part of the evidence in the cause.

In some cases these errors might be important enough to call for a reversal, but if the witness Brown is to be believed at all, appellant most foully slandered his divorced wife; he said that for which he ought to be punished; and we can not say that if guilty, as the court and jury below have found him to be, the penalty inflicted is too severe.

The judgment of the Circuit Court will be affirmed.

*Judgment affirmed.*