ALBERT J. DEXTER

*v.*

CALLIE S. HARRISON.

*Filed at Ottawa May 9, 1893.*

1. EVIDENCE—*whether a statement of fact, or a conclusion of the witness.* On the trial of an action for slander a witness was called, and testified to the slanderous words. In reply to the question, "Was the name of the plaintiff mentioned," he said, "My impression is that it was mentioned." In answer to a further question he said, "I will not state,—certainly, I knew he was talking about her." The witness, after giving the conversation between the defendant and himself when they first met, about another matter, stated that the conversation then turned upon the plaintiff : *Held,* that this was not merely stating a conclusion of the witness, but a statement of a fact he knew.

2. On a trial for slander it is competent for a witness testifying to the slanderous words, to state that he understood, from the language used by the defendant, that he was speaking of the plaintiff.

3. SAME—*in an action for slander—admitting evidence of disorderly conduct.* On the trial of an action for slander by a divorced wife against her former husband, for words imputing a want of chastity, a sister of

the plaintiff was allowed to testify as to the persons composing the family of plaintiff; that the father and brother were dead; that the defendant had insulted her brother, and that defendant on various occasions had been guilty of disorderly conduct by "calling out" to her and the plaintiff in the street: *Held*, that the evidence was incompetent and improper, it not falling within the rule allowing proof of a repetition of the slanderous words.

4. SAME—*cross-examination*. Where a witness testified to a conversation with the defendant, in which the latter spoke slanderous words of the plaintiff, it is proper, on cross-examination, for the defendant to ask the witness if he had any conversation with the plaintiff in reference to the conversation testified to by him, but the refusal of such question is not such prejudicial error as to call for a reversal.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. S. P. McCONNELL, Judge, presiding.

Messrs. ABBOTT & BAKER, for the appellant:

There is absolutely no legal evidence in the record tending to show that the words alleged to have been spoken were spoken of or concerning the plaintiff. The witness Brown states as his own conclusion that Dexter was speaking of the plaintiff. This is a conclusion which the law does not warrant him in giving. Newell on Defamation, etc. 767; *White* v. *Saywood*, 33 Me. 237; *Van Vechten* v. *Hopkins*, 5 Johns. 211; *Gibson* v. *Williams*, 4 Wend. 326; *Rangler* v. *Hummell*, 37 Pa. St. 130; *Snell* v. *Snow*, 13 Metc. 278; *Gribble* v. *Pioneer Press Co.* 37 Minn. 277.

The defendant had the right to cross-examine the witness Brown concerning anything he had ever said, at any time, to any one, concerning the conversation with defendant, and particularly anything which he had said to the plaintiff.

It was error to admit evidence of disorderly conduct of the defendant toward the plaintiff, (*Stowell* v. *Beagle*, 57 Ill. 97,) and it was error to admit evidence in relation to the members of plaintiff's family, and in relation to the death of her father and brother. *Railroad Co.* v. *Powers*, 74 Ill. 343.

Messrs. DAHME & LANGWORTHY, for the appellee:

From the nature of the case, witnesses must be permitted, in a case like this, to state, to some extent, their opinions, conclusions and beliefs, leaving the ground of the same to be inquired into on cross-examination.   Greenleaf on Evidence, sec. 417; *Nelson* v. *Borchenius*, 52 Ill. 236; *McKee* v. *Ingalls*, 4 Scam. 33.

The refusal of the question to Brown, on cross-examination, if error, worked no injury.   *Cooper* v. *Randall*, 59 Ill. 322.

For the purpose of showing malice, any words written or spoken by the defendant, of the plaintiff, are admissible. *Mead* v. *Dauligeny*, 1 Peake, 168; *Pearson* v. *Lemaitre*, 5 M. & Ga. 700.

In *Russell* v. *Macquister*, 1 Campb. 49, Lord Ellenborough says:  "You may give in evidence any words, as well as any act, of defendant, to show *quo animo* he spoke the words which are the subject of action."   This rule is cited with approval in *Merrill* v. *Peasley*, 17 N. H. 540.

In *Hatch* v. *Potter*, 2 Gilm. 725, the court say:   "Having once proved their cause of action charged in the declaration, it was perfectly proper and competent for them to show, in aggravation of damage, that the slander had been repeated at any time within the Statute of Limitation, even after the commencement of the suit."   This rule is approved and followed in *Stowell* v. *Beagle*, 79 Ill. 525.

The rule that words and acts of the defendant, after the commencement of the suit, may be proved to show malice, is generally, and almost without exception, approved in this country.   *Hunkle* v. *Davenport*, 38 Iowa, 355; *Palmer* v. *Anderson*, 33 Ala. 78; *Smith* v. *Wyman*, 16 Me. 13; *Robbins* v. *Fletcher*, 101 Mass. 115; *Little* v. *Young*, 2 Metc. 558; *Hintz* v. *Graupner*, 37 Ill. App. 510; *Benson* v. *Edwards*, 1 Carter, 164; *Merrill* v. *Peasley*, 17 N. H. 540; *Austin* v. *Remington*, 46 Conn. 16; Newell on Defamation, 333-335; 2 Greenleaf on Evidence, secs. 271, 418.

It is a well-established rule of this court, that where, from the whole record, it appears that substantial justice has been done, the verdict will not be disturbed. *Evans* v. *Badger*, 23 Ill. 445; *Ryan* v. *Donnolly*, 71 id. 100; *Leigh* v. *Hodges*, 3 Scam. 15.

A judgment will not be reversed because the court below admitted improper evidence, if sufficient legal evidence appears in the record to sustain the verdict. *Boynton* v. *Phelps*, 52 Ill. 210; *Schultz* v. *LePage*, 21 id. 160; *Greenup* v. *Stoker*, 3 Gilm. 200; *Creote* v. *Willey*, 83 Ill. 444.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action on the case, for slander, brought by Callie S. Harrison, against Albert J. Dexter. Without repeating the words averred in the declaration to have been spoken, it was, in substance, averred that the defendant falsely accused the plaintiff of unchastity. To the declaration the defendant pleaded the general issue, and on a trial before a jury plaintiff obtained a verdict for $5000. A *remittitur* of $2500 was entered, and judgment rendered by the court for the remainder. On appeal to the Appellate Court the judgment was affirmed.

It is claimed by appellant, as ground for reversing the judgment, that the record contains no legal evidence tending to show that the words alleged to have been spoken were spoken of or concerning the plaintiff. But one witness, M. D. Brown, was called to prove the speaking of the words alleged in the declaration. The witness testified: "Knew the parties. Had conversation with the defendant in October, 1889, on Dearborn street. I think the first conversation had or words uttered was by Dr. Dexter, (the defendant,) who asked me if I had been making a statement to Mr. McCloury, another attorney here in Chicago, relative to him. After listening to him for a few moments I told him that I had never mentioned his name to Mr. McCloury, to my knowledge.

He claimed that I did. Then the conversation turned upon the divorced wife, the plaintiff. In speaking of her he used the language uttered by the complainant." Q. "State what was said." Then follow the words set out in the declaration. On cross-examination the witness, in answer to the following question, "Was the name of the plaintiff mentioned?" said, "My impression is it was mentioned." In answer to a further question the witness said, "I will not state,—certainly, I knew he was talking about her." This evidence refutes the position of counsel, that the witness merely stated his conclusion that the defendant was speaking of the plaintiff. The witness, after giving the conversation between the defendant and himself when they first met, relating to another subject, then, in plain language, said the conversation then turned upon the divorced wife,—the plaintiff. This is not the conclusion of the witness, but the statement of a fact which he knew. If the witness was not stating a fact, but merely giving an opinion that the words spoken by the defendant referred to the plaintiff, on cross-examination the defendant had a full opportunity to set the matter at rest. But a reference to the cross-examination confirms, rather than detracts from, the evidence given in the examination in chief.

But if the witness had testified that he understood, from the language used by the defendant, that he was speaking of the plaintiff, under the rule established in *Nelson* v. *Borchenius*, 52 Ill. 236, the evidence was competent. There, after reviewing the authorities bearing on the question, in conclusion, the court said: "Greenleaf, in the second volume of his evidence, (sec. 417,) says, from the nature of the case witnesses must be permitted, in these cases, to state, to some extent, their opinion, conclusion and belief, leaving the grounds of it to be inquired into on cross-examination. We are satisfied this is the true rule, and in accordance it has been the general practice in this State, on the authority of what was said in *McKee* v. *Ingalls*, 4 Scam. 33."

It is next claimed that the court erred in sustaining an objection to a question asked witness Brown, on cross-examination, if witness had ever had any conversation with plaintiff in reference to the conversation testified to. We think this question was proper on cross-examination, and the court ought to have permitted an answer. But suppose the witness had a conversation with the plaintiff, that fact could have no special bearing on the question involved in this case, and unless the defendant was injured, in some manner, by the ruling, the judgment should not, on that account, be reversed.

A sister of the plaintiff, Lucia Harrison, testified, over the objection of the defendant, as to the number of persons composing the family; that the father and brother were dead; that the defendant had insulted her brother. She also testified that defendant, on certain occasions, had been guilty of disorderly conduct by "calling out" to her and the plaintiff on the street. This testimony was not admissible. Who composed plaintiff's family, and how many were dead or living, was foreign to any issue in the case. The insults on the streets, testified to, were also incompetent evidence. A repetition of the slanderous words averred in the declaration may be proved in aggravation of damages, as held in *Hatch* v. *Potter*, 2 Gilm. 725; but this evidence did not fall within that rule. But while this evidence was not admissible, unless its admission was prejudicial to the defendant the judgment ought not to be reversed. The charge that the defendant made against the plaintiff, who had formerly been his wife, was one of an aggravated character,—one made in malice, and without the semblance of truth. The plaintiff's right of recovery was therefore beyond question, and while slight errors have intervened, we do not regard them of sufficient magnitude to authorize a reversal of the judgment. It will therefore be affirmed.

*Judgment affirmed.*