## Robert G. Barrett, Jr., v. Archibald Campbell.

1.  AFFIRMANCE—*Where Substantial Justice Has Been Done.*— Where from the whole record it is apparent that substantial justice has been done, the court will affirm the judgment, although some evidence may have been improperly admitted.

Barrett v. Campbell.

Covenant on Sealed Contract.—Error to the Circuit Court, Cook County; the Hon. Edmund W. Burke, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed March 31, 1896.

Hamilton & Stevenson, attorneys for plaintiff in error.

Wilbur & Hauze, attorneys for defendant in error.

Mr. Justice Shepard delivered the opinion of the Court.

The parties contracted together, whereby the defendant in error agreed to erect and complete for the plaintiff in error a certain two-story frame residence, for the price of $3,700.

Twenty-six hundred dollars was paid, and suit in covenant was brought to recover the remaining $1,100, with interest from November 12, 1892, which was the alleged date of the completion of the contract; and the cause, coming on for trial before a jury, resulted in a verdict and judgment for $960.

Two objections to the judgment are urged upon our consideration, one of which relates to the admitting in evidence of a certain architect's certificate, and the holding of the court as to its effect, and the other to an insufficient allowance being made because of defective work and materials done and furnished.

Whether or not the certificate was a final one, in the sense of being one that was authorized by the terms of the contract to be issued by the architect upon the completion of the job, and as such was the only certificate that could, by the terms of the contract, be conclusive evidence of the performance of the contract, we are relieved from deciding.

There was on the trial no controversy as to the fact of the contract price of $3,700, nor of the payment of $2,600 on account of performance, nor but that the balance of $1,100, which was the sum specified in the certificate as the amount of payment due, remained unpaid, according to the contract.

There was no holding by the court, either in the rejection of offered evidence, or in the instructions that were given, that the certificate was conclusive evidence of the performance of the contract, but on the other hand, all the evidence offered by the plaintiff in error that tended to show incomplete and defective performance, was admitted to the jury and was doubtless given full weight by them, for by their verdict it is shown that they allowed to the plaintiff in error, on that account, nearly $300 from the amount claimed.

The face of the certificate was for $1,100, and the verdict and judgment were for $960, at a date more than two years after the certificate was given.

We do not need to go far to ascertain upon what particular evidence the jury reached their conclusion, for by the testimony of an architect called by, and testifying in behalf of, the plaintiff in error, and who, at his request, made a detailed examination of the building in connection with the plans and specifications, the total deficiencies between the work as done, and that called for by the plans and specifications, aggregated the sum of $139.65.

Another witness, an architect also, who made a detailed examination of the building in connection with the plans and specifications, and testified in behalf of the plaintiff in error, placed his estimate, made up in detail, at the sum of $331, as necessary to put the building in the condition required.

No other witness for the plaintiff in error, so far as we have been able to discover, testified as to the difference in money value between the building as constructed and as it should have been.

The jury were, therefore, probably justified in adopting a verdict which very closely approximated what the plaintiff in error showed his actual damages to be. The verdict was for a few cents less than the difference between the balance of $1,100 due according to the contract, and the amount of damages testified to by the first witness, and was not greatly more than the difference between that balance, with interest, and the amount of damages testified to by the last witness.

Our conclusion, therefore, from the whole record is, that even if the architect's certificate was improperly admitted, its admission was in no material degree injurious to the plaintiff in error; and that the verdict was in substantial accord with what the plaintiff in error himself proved.

The judgment will accordingly be affirmed.