Moore Furniture Co. v. Sloane.

---

## E. A. Moore Furniture Company v. W. & J. Sloane.

| 64 | 581 |
| 166s | 457 |
| 64 | 581 |
| 72 | 441 |

1. ERROR—*Will not Always Reverse.*—Where the merits of a case are clearly with the successful party the judgment will not be reversed for unimportant errors.

**Assumpsit**, goods sold, etc. Appeal from the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed June 11, 1896.

MOSES, PAM & KENNEDY, attorneys for appellant.

WINSTON & MEAGHER, attorneys for appellee.

On November 30, 1895, judgment for $1,541.52 was recovered against appellant. The account sued upon was for a bill of carpets. There was a plea, claiming that the sale of merchandise, amounting to $1,991.52, was upon a warranty that the goods were to be equal to samples exhibited to defendant; that the goods were inferior, and of no greater value than $1,043.89; the plea was stricken out, and the defense was properly made under the general issue.

In addition to evidence of verbal promises to pay, the plaintiff introduced the following letters:

Letter of E. A. Moore Furniture Co., April 30, 1895:

" W. & J. Sloan.

GENTLEMEN: In reply to yours will say we bought the goods on open account, and as we are not making any notes, dislike very much to comply with your request. Will assure you that your bills will be paid as they become due.

Very resp.,

E. A. MOORE FURN. CO.

CHICAGO, July 17, 1895.

Messrs. W. & J. Sloan, New York.

GENTLEMEN: In reply to yours of recent date we inclose our check for two hundred fifty and no 100 dollars ($250). We regret that collections are so very slow that we could not make it more. If you will kindly have a little patience, we will remit again in about ten days. Trusting this will be satisfactory, we are, very truly,

E. A. MOORE F. CO., W. H. F.

CHICAGO, Aug. 6, 1895.

W. & J. Sloan.

GENTLEMEN: We regret very much not being able to take care of your draft today, but collections have been so slow that it has made us a little tight in money matters. We would kindly ask you to wait till Sept. 1st and we shall be able to make a remittance. Hoping this will meet with your approval, we are, yours very resp'y,

E. A. MOORE FURNT. CO.

CHICAGO, Aug. 10, 1895.

W. & J. Sloan.

GENTLEMEN: Your telegram just received and hasten to reply. We sincerely regret we are unable to comply with same, but we have been paying out just as soon as received and are short at present. We are just as anxious to meet our bills promptly as any one can be, but we have thousands of dollars due to us long past due, but things are so very slow in Chicago that it is useless for us to push our customers too hard, and thus destroy our trade. We would

Moore Furniture Co. v. Sloane.

again ask you to show a little indulgence and we will send you a remittance at as early a date as possible. Hoping this will meet your approval, we are, very respect.,

E. A. Moore Furnt. Co.

Chicago, September 19, 1895.

W. & J. Sloan, New York.

Gentlemen: In response to your telegram of the 18th would say, we have not received any letter from you recently; we did receive a draft and responded by sending check for two hundred dollars ($200), and stated in the letter that collections were coming in very slowly and we would do the best we could. Now we would like to have your indulgence and patience. We will send you money just as fast as it comes in, which we hope will prove satisfactory. Trade seems to be picking up some lately. Thanking you for kindness shown, we are very truly,

E. A. Moore F. Co.

Mr. Justice Waterman delivered the opinion of the Court

Appellant urges that the following answer, made by one of plaintiff's witnesses, was improper: " A. That is the account then due, and is now due and unpaid."

The answer was improper, not being responsive; the objection to it should have been sustained.

. There was other testimony given on the part of the plaintiff as to conversation with a man apparently in charge of defendant's premises, which should not have been admitted.

The evidence in favor of the plaintiff is so strong, the admissions of the correctness of the account and the promises of the defendant to pay too numerous, to allow it to avail itself of a claimed warranty and asserted breach; as to neither of which did the defendant say anything until six months after the purchase.

Disregarding unimportant errors, we affirm this judgment, because the merits are, as found by the jury, clearly with the appellee. Affirmed.