## City of Springfield v. Milton Williams.

1. INSTRUCTIONS—*Must be Taken as a Series.*—The instructions in a case must be taken as a series, and where this is done and there are other instructions in the series that cover an error complained of, it is cured.

2. SIDEWALKS—*Constructive Notice of Defects.*—Constructive notice of defects in a sidewalk is sufficient to hold the municipal authorities liable for injuries sustained by persons where such defects have existed for such a length of time that the authorities would, in the exercise of reasonable diligence, have discovered them.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Sangamon County; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Heard in this court at the May term, 1897. Affirmed. Opinion filed December 2, 1897.

WILLIAM E. SHUTT, JR., city attorney, and JOHN C. SNIGG and E. L. CHAPIN, attorneys for appellant.

McGUIRE & SALZENSTEIN and JOHN L. KING, attorneys for appellee.

MR. JUSTICE GLENN DELIVERED THE OPINION OF THE COURT.

This is an action on the case, brought by appellee to recover for injuries sustained by him in consequence of the

defective condition of Dodge street, in the city of Spring-
field.

On the 22d day of May, 1896, appellee was driving with
two horses and a wagon load of old lumber south on Fifth
street.   He observed an electric car coming on Fifth and he
turned into Dodge street which crossed Fifth.   Just as he
was turning into Dodge street, the motorman sounded the
gong sharply, and the horses made a lunge and started to
run, and ran the wagon into a hole on Dodge street, upset
the wagon, and appellee was thrown out and his leg broken.
This hole was about fifty feet from the intersection of Fifth
and Dodge streets, was five or six feet long, two feet wide
and a foot deep.   It had been permitted to exist by the city
for a year.   Appellee had been living in Springfield between
two and three months before receiving the injury and was
engaged in teaming.   Dodge street was a much traveled
street.

This case was tried by the court with the intervention of
a jury; finding for appellee; damages assessed at $1,000 and
judgment for the same.   Appellant brings the case to this
court by appeal.

Three grounds are urged by appellant why this judgment
should be set aside and this cause remanded :

First.   The evidence fails to show that appellee, at time of
receiving the injury, was in the exercise of due care.

Second.   The court admitted improper evidence offered
on behalf of the appellee, over the objection of appellant.

Third.   That the fourth instruction given on behalf of
appellee is erroneous.

First.   There is some conflict in the evidence with refer-
ence to the care and prudence appellee exercised at the time
of the injury, as to whether the team was a gentle team or
not; whether the bridle bit of one of the horses was prop-
erly adjusted and in his mouth.   These were all contested
questions.   We think as to each the preponderance was
with the appellee.   He acted as any man of ordinary pru-
dence would act under like circumstances.   The evidence
sustained the finding of the jury as to this issue.

Second.  The appellant introduced as a witness one Byers, who testified he was, on the evening of the accident, at appellee's house and in the room where he was, and that he heard appellee's wife say, the team, I think, had run away out in the country, or one of them; that she had told her husband he ought to get rid of this team or they would kill him. At this time appellee was lying on the floor and " suffering pain pretty badly." In rebuttal the appellee called his wife as a witness, who testified over the objection of appellant, that she did not say to Byers or any other person in the presence of her husband, that this was a runaway team or had run away before. This it is claimed by appellant was error. Even if it were error, it could not prejudice appellant. There were a number of witnesses at the time it is alleged this conversation took place, in the room where it is claimed to have occurred, who testify they were present all the time in the room, and no conversation of this character was had. There was an abundance of evidence upon which to base the finding of the jury upon this point, without the testimony of the wife of appellee. . We therefore think, while this evidence may not have been proper, the admission of it was not prejudicial to appellant.   Dexter v. Harrison, 146 Ill. 169;  Barrett v. Campbell, 63 Ill. App. 330; Moore Furniture Co. v. Sloane, 64 Ill. App. 581.

Third.  The fourth instruction given on behalf of appellee, which, it is urged, should not have been given, is as follows : " The court instructs the jury that when the street of a city is out of repair, and remains so for such a length of time that the public authorities of the city in the exercise of reasonable care and prudence ought to have discovered the fact, actual notice to such authorities of the condition of the street will not be necessary to hold the city liable for injury sustained by a person in consequence of the dangerous condition, if he is himself using reasonable care to avoid such injury." The office of the instruction was to advise the jury that actual notice was not necessary to hold the city liable in this class of cases, but constructive notice is sufficient, that is, if the defect had existed for such a length

of time that the city authorities should, by the exercise of reasonable diligence, have discovered the fact. It is claimed that there should have been added to this instruction this modification: "and there was time to repair the same."

The instructions must be taken as a series, and where this is done, and there are other instructions in the series that fully cover the error complained of, it is cured. There were other instructions given by the court that fully covered this question. The Village of Mansfield v. Moore, 124 Ill. 133.

Judgment of the court below is affirmed.