## Willis Scott v. Thomas Snyder.

1. SLANDEROUS WORDS—*how proof of person against whom, directed, may be established.* It is competent to permit a witness who heard the alleged slanderous words used, to state the name of the person against whom they were intended to be applied, notwithstanding such testimony may not be predicated upon what was said. The sources of the knowledge of such witness as to who was intended may be inquired into upon cross-examination.

2. INSTRUCTION—*must not give undue prominence to particular facts.* An instruction is erroneous which singles out and gives undue prominence to certain facts while ignoring other facts proved of equal importance in a proper determination of the case.

Action on the case for slander. Appeal from the Circuit Court of Vermilion County; the Hon. E. R. E. KIMBROUGH, Judge, presiding. Heard in this court at the May term, 1904. Affirmed. Opinion filed October 14, 1904.

KEESLAR & GUNN, for appellant.

J. B. MANN and H. M. STEELY, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

This is an action on the case by appellant against appellee for slander. In the court below there was a trial before a jury, resulting in a verdict of not guilty, and a judgment thereon against appellant for costs.

It is urged in reversal of the judgment that the court excluded competent evidence offered by appellant and gave an improper instruction at the request of appellee, and that the verdict is against the manifest weight of the evidence.

Edith Gerrard, a witness on behalf of appellant, testified that she heard a conversation between appellee and his wife in regard to a calf appellee had lost and after search had been unable to find, in which appellee said, "he supposed that damned thief had got it." Witness was then asked if she knew who appellee was talking about at the time, and she replied that she did, but her answer was not permitted to stand, and her examination was confined by the court to detailing all that was said by appellee on that occasion. Witness was unable to give any more of the conversation and thereupon on motion of appellee her testimony was stricken from the record.

It is insisted on behalf of appellee that it was not competent for the witness to state that she knew to whom the language was applied nor to state to whom it applied; that her answers would necessarily be only her conclusions and therefore incompetent; that her testimony was properly confined to stating all that was said, and that nothing having been said to identify appellant as the person to whom the language was applied, it was properly excluded. The witness stated positively that she knew to whom the language was applied by appellee. It was not necessary, to make her testimony competent, that her knowledge should have been predicated on what was said. Such knowledge might have been otherwise communicated. She should have been permitted to answer the questions and if cross-examination disclosed the grounds of such knowledge to be mere hearsay, or unsubstantial, her testimony could have been stricken from the record. Dexter v. Harrison, 146 Ill. 169. The words testified to by the witness as having been spoken by appellee on that occasion are not the slanderous words alleged in the declaration and did not therefore constitute a substantive ground of recovery in the case. Proof of the speaking of such words was only competent as tending to prove express malice in aggravation of damages, and as the verdict was not guilty, the exclusion of the evidence did not constitute prejudicial error. For the same reason, appellant was not prejudiced by the ruling of the

court excluding portions of the testimony of the witnesses Pearl Rossnett and Levi Gerrard.

At the request of appellee, the court gave to the jury the following instruction:

"The court instructs the jury that if you believe from the evidence that the alleged statements of defendant in reference to the plaintiff, Scott, as detailed by the witness Pearl Rossnett, were spoken of and concerning certain hogs of defendant that at one time got out of defendant's enclosure and over into the cornfield of the plaintiff, Scott, and were taken and impounded by the plaintiff, Scott, and which hogs defendant got back, and were so understood by the witness Pearl Rossnett, as applying to said hogs that got out and trespassed upon plaintiff's premises, and were not understood by her as being in the sense or charging that plaintiff had feloniously taken, stolen and carried away the hogs of defendant, and converted them to his own use, with intent to deprive the defendant of them, then no action can be predicated upon said alleged statements to or in the presence of the witness Pearl Rossnett, and in such state of the proofs, if such state of the proofs exist herein, your verdict should be for the defendant, and you should find him not guilty as to the alleged statements testified to by the witness Pearl Rossnett."

The objection urged to this instruction is that it singles out and gives undue prominence to certain facts, ignoring other facts proved, of equal importance in a proper determination of the case.

The witness Pearl Rossnett, called on behalf of appellant, testified that in October or November, 1903, she heard appellee, in speaking of appellant, say, "he stole 16 or 17 hogs, and didn't know how many more," and further testified that the witness William Poynter was present at the time appellee used the language she ascribed to him. The witness Poynter testified that he had a conversation with appellee the last of July, 1903, in which the latter used words of like import concerning appellant, but he does not say that Pearl Rossnett was present on that occasion nor does he testify that anything was said about appellee's hogs having gotten out of his enclosure into appellant's cornfield. If upon the occasion testified to by the witness Pearl Ross-

nett, she alone was present and heard the language ascribed
to appellee, the instruction is not subject to criticism.   Ap-
pellant charged in one count of his declaration the speak-
ing by appellee of the alleged slanderous words in several
different forms and in different connections.   The witness
Pearl Rossnett testified to the speaking by appellee of
words in one of the alleged forms, and was the only wit-
ness who so testified.   Proof of the speaking in any one of
the alleged forms in the sense of imputing the crime of
larceny to appellant constituted a substantive ground of
recovery, and as appellee could not request an instruction
directing the attention of the jury to words alleged to have
been spoken in any specific count of the declaration, he
has, not improperly, we think, identified the words by
designating the one witness who testified to their having
been spoken.   The instruction assumes that Poynter was
not present, or that he did not hear the words spoken, and
consequently ignores the construction he might have put
upon the words if present and limits appellee's liability for
speaking the alleged slanderous words to the construction
put upon them by the witness Pearl Rossnett.   For these
reasons the instruction is not entirely free from criticism.
Upon the record in this case, the witnesses Poynter and
Gerrard are quite successfully impeached, and it is manifest
that the jury discredited their testimony.   Pearl Rossnett
was the only other witness for appellant who testified to
the speaking of any alleged slanderous words by appellee,
and her testimony in relation to the speaking of the words
and the accompanying explanations, makes it very prob-
able that she did not understand them to have been used
in the sense of imputing the crime of larceny to appellant.
In view of the impeachment of Poynter, it would seem
almost certain that had his name been coupled with that of
the witness Pearl Rossnett in the instruction, the jury
would still have discredited his testimony or found that,
being present, he must have understood the words spoken,
in the same sense in which they found that Pearl Rossnett
understood them.

The verdict of the jury is amply supported by the evidence in the record, and in such case an error in an instruction not calculated to mislead the jury should not work a reversal of the judgment.

The judgment is affirmed.

*Affirmed.*