TEETER *v.* PUGSLEY.

1. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—WILFUL INJURIES—WANTON OR RECKLESS CONDUCT.

    The defenses of contributory negligence and assumption of risk are not permitted in an action for wilful injuries or injuries due to defendant's wanton or reckless conduct.

2. DAMAGES—PAIN AND SUFFERING—QUESTION FOR TRIER OF FACTS.

    In an action for injuries suffered when shot by defendant, the amount allowed for pain and suffering must rest in the sound judgment of the trier of the facts.

3. APPEAL AND ERROR—SUPREME COURT—PAIN AND SUFFERING—VERDICTS—PREJUDICE—SYMPATHY.

    The Supreme Court does not substitute its judgment on amount allowed by jury for pain and suffering unless verdict has been secured by improper methods, prejudice, or sympathy.

4. DAMAGES—PAIN AND SUFFERING—LEG INJURY—BULLET WOUND.

    Allowance of $1,000 for pain and suffering in verdict for plaintiff against defendant who had shot her in the leg *held*, not so great as to shock the judicial conscience.

Appeal from Calhoun; Hatch (Blaine W.), J. Submitted October 8, 1947. (Docket No. 13, Calendar No. 43,674.) Decided December 3, 1947.

Case by Ethel Teeter against Sarah M. Pugsley for personal injuries sustained when she was shot by gun discharged by defendant. Judgment for plaintiff. Defendant appeals. Affirmed.

*Russell W. Conroy,* for plaintiff.

*Marvin & Neller,* for defendant.

Contributory negligence of plaintiff no bar to recovery from defendant who intended to inflict harm upon some one, see 2 Restatement, Torts, § 481.

BUSHNELL, J. Defendant Sárah M. Pugsley has appealed from a judgment in favor of plaintiff Ethel Teeter in the sum of $1,173.50. She argues that the trial judge erred in finding that plaintiff "was not guilty of contributory negligence or assumption of the risk under the evidence presented," and that the damages awarded were excessive.

Plaintiff lives at 34 Janoah street in the city of Battle Creek, which runs in an easterly and westerly direction, forming at its easterly end a "T" intersection with Harrison street. Mrs. Jeanette Van Huysen lives on the southwest corner of Janoah and Harrison, two doors east of Mrs. Teeter. The Pugsley home is located on the east side of Harrison, facing Janoah street.

On Halloween night, October 31, 1945, Mrs. Teeter went to the Van Huysen home at about 7:30 o'clock where she visited for a few minutes. At about 8 o'clock she returned and stayed only for 15 or 20 minutes. About 9 o'clock she again went to the Van Huysen home and, while on the front porch waiting to be admitted, talked with some children. As she had her hand on the doorknob ready to go into the house she heard a sharp noise and felt a sting in her left leg. A medical examination later disclosed that her injury was caused by a bullet fired from a 22 caliber revolver.

The record shows that at the time, defendant Sarah Pugsley and her sister Effie, both armed with loaded pistols, were standing in their front yard. The defendant testified that she always loaded her revolver just at dark because she and her sister had been "threatened so many times;" that on the night in question the children in the neighborhood had been annoying her by throwing stones at their house, one of which hit her, and that she fired her gun over the heads of the children.

Her sister Effie testified that she had fired her revolver in the same manner at about 8 o'clock. A police officer, who was called to the scene of the shooting, testified that both sisters claimed they had been informed by police authorities that they could shoot if they were bothered any more by children. At the time this officer made his investigation, both of these women still had guns in their hands.

When plaintiff was given first aid at the Community Hospital, a small bullet was found "lying in soft tissue posterior to the shaft of the fibula about six inches above the lower end of the bone." This bullet was excised and antitoxin treatment was administered. Aside from the claimed injury to the nerves and muscles of the limb, plaintiff made a complete recovery, although she insists that her foot does not yet function correctly.

Plaintiff's actual hospital and medical expenses were $173.50, for which judgment was entered, with $1,000 added thereto for pain and suffering.

In view of the rule stated in *Gibbard* v. *Cursan*, 225 Mich. 311, 320, defendant's claim of error with respect to contributory negligence and assumption of risk must be denied. See observation thereon in *Sherman* v. *David*, 293 Mich. 489, 491.

In the *Gibbard Case* this Court said:

"If one wilfully injures another, or if his conduct in doing the injury is so wanton or reckless that it amounts to the same thing, he is guilty of more than negligence. The act is characterized by wilfulness, rather than by inadvertence, it transcends negligence—is different in kind. Where recovery is sought on the theory that the injury was caused by wilful, wanton or reckless misconduct of a defendant, as distinguished from negligence, there is no more reason for permitting the defense of contributory negligence than in a case of assault and battery." See, also, authorities therein collected.

The amount allowed for pain and suffering must rest in the sound judgment of the trier of the facts. We do not substitute our judgment on this question unless a verdict has been secured by improper methods, prejudice, or sympathy. No such showing has been made; nor is this portion of the judgment so great as to shock the judicial conscience. *Watrous* v. *Conor,* 266 Mich. 397, 401.

The judgment is affirmed, with costs to appellee.

CARR, C. J., and BUTZEL, SHARPE, BOYLES, REID, NORTH, and DETHMERS, JJ., concurred.