Carl Allen Rogers, Sr., Plaintiff-Appellee, v. Frank Mason, Defendant-Appellant.
Frank Mason and Julia J. Buchinger, Counterclaimants-Appellants, v. Carl Allen Rogers, Sr., Counter-defendant-Appellee.

Gen. No. 9,819.

Opinion filed February 20, 1952. Released for publication March 17, 1952.

GIFFIN, WINNING, LINDNER & NEWKIRK, of Springfield, for appellants; D. LOGAN GIFFIN, ALFRED F. NEWKIRK, and JAMES M. WINNING, all of Springfield, of counsel.

NOLL, TRAYNOR & HENDRICKS, and EARL S. HODGES, all of Springfield, for appellee; DUANE L. TRAYNOR, and MAURICE KEPNER, both of Springfield, of counsel.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

The plaintiff-appellee Carl Allen Rogers, Sr. filed a complaint in the circuit court of Sangamon county seeking to recover damages for personal injuries alleged to have been sustained by him in a collision between the automobile he was driving and an automobile driven by the defendant-appellant Frank Mason. Defendant filed an answer to the complaint, denying the material allegations of the complaint, and filed a counterclaim for his own personal injuries alleged to have been sustained in the collision. At the same time Julia J. Buchinger, an aunt of the defendant Frank Mason, who was the owner of the car being driven by the defendant, by leave of court intervened and filed a counterclaim against the plaintiff Rogers for damages to her car. The defendant Rogers filed his answers to the counterclaims in which he denied the material allegations.

An amended complaint was filed by the plaintiff Rogers, the first count charging Mason with negligence and the second count charging him with wilful and wanton misconduct. The counterclaims of both Mason and Buchinger consisted of two counts each; the first count charged Rogers with ten specific acts of negligence and the second count charged him with ten specific acts of wilfulness.

At the close of the evidence motions for directed verdicts generally and as to specific counts, were overruled and the cases were given to the jury upon both the negligence and wilfulness counts of the amended complaint and both the negligence and wilfulness counts of the counterclaims.

A general verdict was returned in favor of the plaintiff Rogers and against the defendant Mason for $2,500 and "not guilty" verdicts upon the counterclaims of Mason and Buchinger.

Motion for judgment notwithstanding the verdicts, and motions to set aside the verdicts and for a new trial were denied and judgments were entered on the verdicts. The defendant Mason appealed to this court from both the judgment against him on the claim of Rogers and the judgment denying him recovery on his counterclaim; the intervener Buchinger appealed from the judgment denying her recovery on her counterclaim.

The facts of the accident revealed by the evidence showed that Mason, then aged 18, with a 1941 Chevrolet four-door sedan borrowed from his aunt, Julia J. Buchinger, had that evening driven to Cantrall, Illinois, where he picked up some friends and they all attended a basketball game at Athens, Illinois. After the game they had a milkshake and spent some time in Sherman, visiting. Mason took his companions home and started to drive toward his home alone, on Route 29, also known as Walnut Street Road. There were spots of fog which became heavier toward the scene of the collision.

The highway in the vicinity of the accident is 20 feet wide and is a two-lane concrete pavement that makes an "S" curve downhill, then makes a long, gradual curve to the south. It straightens out and runs level for a mile or so on up a built-up embankment or levee. About a quarter of a mile south of the last curve, the highway crosses a concrete bridge and about 300 yards farther south, crosses a steel bridge which spans the Sangamon River. An 8 to 10 foot shoulder is on either side of the road. It was at a point about 300 yards north of the concrete bridge that the cars collided while they were being driven in opposite directions.

Rogers testified that he was driving his wife and six-months-old baby home from Springfield where they had been Christmas shopping, and had attended the theatre.

He testified that his lights and brakes were in good working order. This, however, is disputed by other witnesses. Rogers also said that it was foggy and he was driving north at about 20 miles per hour. As he approached the Sangamon River he saw two cars coming around the curve toward him about one-half mile away; that from then until the accident he could see the first car but could not see the second one as it was being shielded by the car in the lead. Rogers testified that he was passing the first of the two cars which were coming toward him and as his radiator was even with the front of the first car, the car being driven by Mason turned out from behind the car which Rogers had just met, to the extent that the left-front wheel to the left door of the Mason car was 3 or 4 feet over the center line of the pavement, but that the balance of the car and the right-front wheel were in the proper lane. Rogers says he was 18 to 20 inches from the center line of the pavement and on his own proper side of the road and was in the process of turning to his right when the collision occurred. The first of the two automobiles, or the one ahead of the Mason car, was being driven by Tom Vredenburg and contained five other young people, as passengers.

Of the six occupants of the Vredenburg car, four of them testified that Rogers was driving with only one light burning on his vehicle, and three of them knew that Mason was directly in back of their car. Mary Lou Rogers, wife of the plaintiff, was injured and remembered nothing about the accident.

Mason called Edward Crenshaw as a witness and he testified that on the night before the accident he had driven the Rogers car and that the headlights were so bad that he used a flashlight to see the road, and the brakes had to be pushed to the floor to stop; that the lens on the right headlight was out and the reflector was corroded and loose, causing the light to flicker and

that the left lens was also cracked and the reflector corroded. Crenshaw testified that he called this to the attention of Rogers on the day of the accident. On rebuttal much of the Crenshaw testimony was disputed. As a witness, Mason testified that while following the car, the taillight disappeared in the fog which was then heavy and spotty and that while he was on his own side of the road (which he claims he knew from watching the center line of the highway) he suddenly saw a dim light which looked like a moon coming toward him on his side of the road and immediately the crash occurred.

Appellant lists 23 assignments of errors upon which he relies for reversal. Eight of the assigned errors deal with instructions, and the balance deal mainly with the contentions that the evidence was not sufficient to sustain a wilful and wanton count, and that the verdict was against the manifest weight of the evidence. The only contention made by the appellant that we deem it necessary to consider is that the trial court committed reversible error in giving certain instructions to the jury.

Defendant complains of the giving of Instruction No. 19 offered by the plaintiff and given by the court, which is as follows:

"The burden of proof as to the Counterclaim in this case is on the Counter-Plaintiffs, Frank Mason and Julia Buchinger, and not upon the Counter-Defendant, Carl Allen Rogers. Before the Counter-Plaintiffs can recover against the Counter-Defendant, Carl Allen Rogers, it is required that the Counter-Plaintiffs must prove by a preponderance or greater weight of the evidence each and all of the following propositions:

1. That the Counter-Defendant was guilty of the acts of negligence complained of.

2. That the negligence of the Counter-Defendant complained of was the proximate cause of the collision complained of.

3. That at all times at and immediately prior to the happening of the accident the Counter-Plaintiffs, and each of them, was in the exercise of ordinary care for the safety of Counter-Plaintiffs and for the safety of the property, and did not by any failure to exercise ordinary care proximately contribute to said collision and injuries, if any.

4. That as a proximate result of the negligence as charged against the Counter-Defendant, if you find Counter-Defendant was negligent, the Counter-Plaintiffs were injured and damaged as complained.

If you believe the Counter-Plaintiffs have failed to prove any one or more of the foregoing propositions by a preponderance or greater weight of the evidence, or if the evidence bearing upon any or all of said propositions preponderates in favor of the Counter-Defendant, Carl Allen Rogers, or if it is evenly balanced, or if the jury are unable to say on which side is the preponderance or greater weight of the evidence, then, in any of these cases, the Counter-Plaintiffs, or either of them, are not entitled to recover and you should find the Counter-Defendant, Carl Allen Rogers, not guilty.''

 This instruction, under point 3, refers to due care and contributory negligence and the instruction itself declares that the failure of Mason and his aunt to prove freedom from the latter is a defense to their counterclaim. This is a true statement of the law so far as the negligence count of the complaint is concerned, but it is erroneous as to the count on wilful and wanton misconduct. It is the well settled law in this state that contributory negligence is not a defense to a suit based on wilful and wanton misconduct. *Mantonya v. Wilbur Lumber Co.*, 251 Ill. App. 364.

 This instruction, under point 1, requires the counterplaintiffs Mason and his aunt to prove that Rogers was guilty of the acts of negligence complained

of before they can recover from him. The counter-claims of Mason and his aunt specifically state ten separate and distinct acts of negligence and ten separate and distinct acts of wilfulness which they attribute to Rogers and claim to have been the proximate cause of the injuries and damages. Clearly this one point makes this instruction erroneous. It told the jurors that Mason and his aunt could not recover from Rogers unless they proved all of the acts of negligence which they alleged in their counterclaims. It is quite fundamental that the proof of any one of these acts of negligence or wilfulness by a preponderance of the evidence would be sufficient. *Liska v. Chicago Ry. Co.,* 318 Ill. 570. However, to read point 1 of this instruction and apply thereto the usual and ordinary meaning of the words employed, there can be no doubt that the jury would be confused, if not wholly misguided.

██ The instruction also refers the jurors to "the negligence," "the collision" and "the injuries complained of," yet there is no instruction to the jury which outlines or explains the contents of the complaint or counterclaims. It can only be confusing to a jury to refer them to a document such as a complaint or a counterclaim in an instruction and then not make that document or at least a resume thereof available to them. This practice has heretofore been criticized. *Buehler v. White,* 337 Ill. App. 18; *Fraider v. Hannah,* 338 Ill. App. 440; *Hann v. Brooks,* 331 Ill. App. 535.

██ Instruction 20, given at the request of the plaintiff Rogers, reads as follows:

"You are instructed that although you find from the preponderance of the evidence that Julia Buchinger was the owner of the automobile, not an occupant of said automobile at the time of said collision, and if you further find that the driver, Frank Mason, was not acting on behalf of Julia Buchinger, yet before Julia Buchinger can recover from the Counter-Defendant it

is necessary that she, Julia Buchinger, establish that Carl Allen Rogers, Sr., was negligent as charged, and further that such neglect proximately caused the collision as charged by Julia Buchinger, Counter-Plaintiff."

This instruction refers to "negligent as charged" without informing the jury as to what those allegations are and further says it is necessary for Julia Buchinger, the intervener, to "establish" that Rogers was negligent. The use of this word "establish" rather than prove, has been criticized by this court as requiring a higher degree of proof than contemplated by the law. *Hurzon v. Schmitz,* 262 Ill. App. 337; *Baker v. Thompson,* 337 Ill. App. 327.

██ Further, and very important, this instruction makes no reference to the wilful and wanton count but is devoted solely to the negligent allegation. An instruction may be proper under a particular count or counts, but should not be given to the jury if it is not good as to certain other counts and its scope is not limited to the counts as to which it is proper. *Dudley v. Peoria Ry. Co.,* 153 Ill. App. 619. This instruction was not so limited.

██ Instruction No. 21 is exactly like Instruction No. 20 except that it refers only to the wilful and wanton misconduct of the plaintiff. This instruction is erroneous for the same reasons as assigned to Instruction No. 20. It will be noted that Instructions No. 20 and No. 21 are in direct conflict with each other. No. 20 says that before Buchinger can recover she must prove negligence and No. 21 says that before she can recover she must prove wilful and wanton misconduct on the part of the plaintiff Rogers. This leaves it for the jury to determine for themselves which was the correct statement of the law. The jury should be correctly instructed as to the law and two conflicting instructions as here given can do nothing but confuse the jury as to the law.

■ Instructions No. 18 and No. 24 given at the request of the plaintiff Rogers are complained of by the defendant; both instructions tell the jury that they may consider the evidence in the light of their own observation and experience in the affairs of life. We see no objections to these instructions in the present case.

■ Instruction No. 28 also complained of by the plaintiff instructed the jury that any reference made in the instructions to any charge that the plaintiff was negligent meant that he was charged with having failed to use that degree of care which an ordinarily prudent person situated as he was would have used just before and at the time of the occurrence in question. We can see no error in the giving of this instruction in this case.

■ Lastly, defendant complains of the giving of Instruction No. 29 at the request of plaintiff Rogers, which reads as follows:

"You must not allow sympathy or prejudice to influence your verdict. Sympathy for the injuries of the Counter-Plaintiff, if any, should not influence you in determining whether or not the Counter-Defendant, Carl Allen Rogers, is liable, or if liable, affect in any way the amount of your verdict. Your verdict should be entirely free from the effect of sympathy, compassion or prejudice, and without regard to who is the Counter-Plaintiff and who is the Counter-Defendant."

So far as the jury were told that they must not allow sympathy or prejudice to influence their verdict the instruction correctly stated the law. The instruction to have been free from error should have been applicable to all of the parties concerned. It was error to give an instruction limited to only one of the parties and identifying that party by name without making some rule applicable to all parties similarly situated. *Gaffner v. Meier,* 336 Ill. App. 44; 82 N. E. (2d) 818.

██ Because of a sharp conflict in the evidence in this case the law required that the instructions given state the law with accuracy and be free of error which might mislead the jury. *Alexander v. Sullivan,* 334 Ill. App. 42.

The instructions in this case and particularly Number 19 referred to above, are so misleading and erroneous that a fair trial could not have been had. It is necessary that this cause be reversed and remanded for a new trial because of the giving of erroneous instructions, and inasmuch as such is the case we make no further comment on the evidence. The judgment of the circuit court of Sangamon county is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*