**Homer Stegall, Plaintiff-Appellant, v. F. Elmer Carlson, Defendant-Appellee.**

**Gen. No. 10,818.**

Second District.

July 22, 1955.

Released for publication August 11, 1955.

John R. Snively, of Rockford, for appellant.

Foltz, Haye & Keegan, of Rockford, for appellee.

MR. JUSTICE EOVALDI delivered the opinion of the court.

Appellant, age 37, brought suit to recover damages for personal injuries sustained when he was struck by a passenger automobile being driven in an easterly direction by defendant, about 10 p. m. while plaintiff was attempting to cross Cunningham street about the middle of the block. Cunningham street is 39 to 40 feet in width, runs east and west, and had street lights on the evening in question. The accident took place east of its intersection with West street, in the City of Rockford. Plaintiff had left Lush Head's Club and was crossing from the north to the south. He was knocked unconscious, claimed injuries to his head, his right side, and permanent injury to his right leg, which was fractured by the impact. His doctor and hospital bills amounted to more than $1,500.

No questions are raised on the pleadings, the complaint charging defendant with four violations of ch. 95½, the Motor Vehicle Act, Illinois Revised Statutes, 1953, and with other acts of negligence, in the operation of his automobile.

Judgment was entered on a verdict of not guilty, and plaintiff appeals from the judgment and order denying a new trial, contending that he was denied a fair trial, and that, among other things, the verdict is clearly and palpably against the weight of the evidence.

There is a serious dispute and conflict in the evidence as to the speed of defendant's automobile; its location with reference to the center of the street at the point of the impact; the distance same traveled after striking plaintiff; whether plaintiff had been drinking; whether plaintiff and his wife had been quarreling immediately preceding his leaving the Club, and whether plaintiff ran or walked as he at-

tempted to cross the street. It was admitted by defendant that he had a meal at Maria's Cafe and that he had one drink—whiskey and seltzer—before coming on to Cunningham street; that he had lights on his car; that cars were parked on each side of the street, and that he saw plaintiff step into the street.

This was a close case on the facts; plaintiff received serious injuries and was out of work from the night he was injured on August 4, 1951 to June 2, 1952. It therefore became important that each party be allowed to introduce all competent, relevant, and material evidence, and that the jury be accurately instructed as to the law.

 Plaintiff charges error on the part of the court in not permitting him to exhibit the wound or injury to the jury. While it is true, as contended by appellee, that the exhibition of an injury to a jury is within the discretion of the trial court and that an attempt to exhibit scars for the purpose of inflaming the sympathy of the jury is properly prevented, we are of the opinion that appellant should not have been deprived of this important part of his case, for he testified as to his limited use of his knee, and he was corroborated by medical testimony as to the leg, the knee and the ankle. A party may demonstrate the nature and extent of the injury, Stansfield v. Wood, 231 Ill. App. 586 at 594; Tindall v. Chicago & Northwestern Ry. Co., 200 Ill. App. 556 at 573, or the disability resulting therefrom, American Brake Shoe & Foundry Co. v. Jankus, 121 Ill. App. 267, and it is common and correct practice to exhibit the wound or injury to the jury, even where there is no dispute as to the fact and nature of the injury, Minnis v. Friend, 360 Ill. 328 (injured leg). In the case of Chicago & A. R. R. Co. v. Clausen, 173 Ill. 100, wherein the court permitted the plaintiff to exhibit to a jury a rupture alleged to have been caused by the accident, the Supreme Court held that even though the existence of the rupture, and

the nature and extent of it, were not controverted by the defendant,—and this was stated to the court when it was proposed to make the exhibition, the court refused to reverse. To the same effect is Swift & Co. v. Rutkowski, 182 Ill. 18 (injured arm), and Chicago & A. Ry. Co. v. Walker, 217 Ill. 605 (injured ankle).

Since a new trial is necessary, we are expressing our views in case the mortality tables should again be offered in evidence. Charging error in the exclusion of same, appellant cites the case of Calvert v. Springfield Elec. Light & Power Co., 231 Ill. 290, 294, and cases from other jurisdictions, as authority for his contention that they are admissible in a personal injury suit where there is evidence of permanent injury. It is to be noted that the above case is an action for wrongful death and not for personal injuries. Defendant-appellee relies on the case of Chicago, B. & Q. R. R. Co. v. Johnson, 36 Ill. App. 564, a per curiam opinion, wherein the Appellate Court held that in an action for personal injuries, annuity tables were not admissible, and it was error for same to be read to the jury. Appellee states in his brief, "This holding, so far as we know, has never been questioned, . . ."

For reasons best known to the respective attorneys, an important case dealing with this question is not included in either brief, i. e., the case of Avance v. Thompson, 387 Ill. 77, on an appeal from the Appellate Court, 320 Ill. App. 406.

The Supreme Court, on page 83, states:

"During the course of the trial the court permitted the plaintiff to offer in evidence mortality tables which showed that a person twenty-three years of age has an expectancy of life of 40.17 years. An instruction was also given in connection with this mortality table as affecting the measure of the plaintiff's recovery. Defendant objected to this evidence and also assigns it as error. In Chicago, Burlington and Quincy Railway Co. v. Johnson, 36 Ill. App. 564, such evidence in

a case where there were injuries was held improper. In Calvert v. Springfield Electric Light and Power Co., 231 Ill. 290, we held mortality tables were competent evidence in actions for wrongful death. And in Vicksburg & M. R. R. Co. v. Putnam, 118 U. S. 545, it was held they were competent evidence in actions for personal injuries.

"They were also held competent in Louisville & N. R. R. Co. v. Burns, 242 Fed. 411, and Coast S. S. Co. v. Brady, 8 Fed. 2d 16, both of which were personal injury cases. In Colusa Mining Co. v. Monahan, 162 Fed. 276, it was held in a personal injury action not error to show the expectancy of life in fixing an amount required to produce an annuity for a life term equal to the difference between the amount which the injured person would have earned if he had not been injured and that which he could earn in his injured state. We believe that the weight of authority permits the introduction of mortality tables in personal injury accidents when the injury is permanent."

While appellee contends that the introduction of mortality tables could only confuse a jury, the Supreme Court, on page 84, points out the proper procedure to be followed in this regard.

██ We are of the opinion that the trial court erred in denying the offer of proof by plaintiff of the mortality tables, and that same should have been admitted in evidence.

Appellant contends that he was denied a fair trial because of certain instructions given by the court on behalf of defendant, and because of the refusal of the trial court to give certain instructions requested by plaintiff. In the view we take, it is not necessary to discuss all of them in this opinion.

Under Illinois Revised Statutes, 1953, ch. 110, sec. 191 [Jones Ill. Stats. Ann. 104.067], each party has a right to have the court instruct the jury relative to

the law applicable to the case. Defendant tendered, and the court gave, instruction No. 25, as follows:

"The court instructs the jury that on August 4, 1951, a statute of the State of Illinois provided that every pedestrian crossing a roadway at any point other than within a marked crosswalk should yield the right of way to all vehicles upon the roadway. In this regard, the court instructs you that if you believe from the evidence in this case that the plaintiff, Homer Stegall, was crossing Cunningham Street at a point not within a marked crosswalk, you may take such fact into consideration in determining whether or not he was in the exercise of ordinary care for his own safety just before and at the time of the occurrence in question."

Plaintiff tendered, but the court refused, instruction No. 2 incorporating subsection (a) quoted in the above instruction and portions of subsection (d) of the Statute, ch. 95½, paragraph 172, Illinois Revised Statutes, 1953 [Jones Ill. Stats. Ann. 85.204, subd. (d)], upon which said instruction No. 25 was based. Said subsection (d) is as follows:

"(d) Notwithstanding the provisions of this section every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway and shall give warning by sounding the horn when necessary and shall exercise proper precaution upon observing any child or any confused or incapacitated person upon a roadway."

Instruction No. 25 should not have been given. It is misleading. It is not a correct or complete statement of the law. The instruction ignores the rule that both pedestrians and drivers of motor vehicles upon the public streets are required to use due care to avoid accidents. It should have included subsection (d).

In three recent cases involving injuries to pedestrians struck by defendants' automobiles, the Appellate Court reversed because of the omission of sub-

section (d) from an instruction based on the above section of the statute. Taylor v. Ries, 3 Ill.App.2d 256, 121 N.E.2d 352; Parkin v. Rigdon, 1 Ill.App.2d 586; Breitmeier v. Sutera, 327 Ill. App. 221.

██ It might well be that in the minds of the jury the question of the right of way was one of the circumstances, if not the controlling circumstance, that influenced the jury in reaching its verdict. Because of the sharp conflict in the evidence, the law required that the instructions given state the law with accuracy and be free of error which might mislead the jury. Peters v. Madigan, 262 Ill. App. 417; Alexander v. Sullivan, 334 Ill. App. 42; Rogers v. Mason, 345 Ill. App. 560.

For the giving of the erroneous and prejudicial instruction, and the refusal to give appellant's instruction No. 2, and for the error in refusing to permit plaintiff to exhibit his injury to the jury, the judgment is reversed and the cause remanded for a new trial.

Reversed and remanded.

DOVE, J., concurs.