Nels OTNESS, Plaintiff,

v.

UNITED STATES of America,
Defendant.

No. 7824–A.

District Court, Alaska
First Division, Juneau.

April 16, 1959.

Robert Boochever (of Faulkner, Banfield & Boochever), Juneau, Alaska, for plaintiff.

Jerome A. Moore, Asst. U. S. Atty., Juneau, Alaska, for defendant.

KELLY, District Judge.

Plaintiff brought suit against the United States of America under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671 et seq., for damages suffered to his vessel while navigating in the Wrangell Narrows south of Petersburg, Alaska, as a result of an alleged collision with a navigation aid maintained by the United States Coast Guard. During the course of the trial evidence was introduced showing that the navigation aid, of great dimensions in size and weight, submerged and disappeared beneath the surface of the channel waters leading into Petersburg. Plaintiff in his complaint alleged that the Coast Guard was negligent in its operations to locate the submerged navigation structure, and that the Coast Guard negligently issued a bulletin to mariners to the effect that dragging operations revealed that the structure was not present above the contour of the natural bottom of the Wrangell Narrows. The plaintiff further alleged that these acts of negligence of the Coast Guard proximately caused injury to the plaintiff, who collided with the submerged navigation aid while navigating in the area where the structure disappeared.

After the presentation of all testimony in the case and while the court still had the decision under advisement, plaintiff filed a motion for leave to file a second amended complaint wherein he seeks to amend his complaint under Rule 15(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., raising the additional claim to relief based on the "willful, wanton, or reckless conduct" of the Coast Guard in the circumstances surrounding its efforts to locate the submerged structure. Before decision can be made in the case itself, this motion must be disposed of.

Rule 15(b) provides that:

"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues * * * "

The plaintiff contends that "the amendment goes to matters which have already been in proof and the defendant cannot possibly be prejudiced by this amendment, since any effort which it would make to show lack of willful, wanton or reckless care would be no different than its efforts already made to show lack of negligence on the part of the defendant." While the contention of the plaintiff may have some merit if the issues of the case were limited solely to the negligence of the defendant, the prejudicial effect of granting such a motion would be underscored in the defendant's selection of affirmative defenses. The plaintiff by his pleadings confined the issues solely to negligence, and it is to be presumed that the defendant planned his defense of ordinary care and contributory negligence in reliance on the plaintiff's complaint. If the requested amendment were allowed and the issue thereunder were now to be resolved in plaintiff's favor, defendant's affirmative defense would be of no avail, since contributory negligence is not generally regarded as a defense to wanton or willful conduct. Underwood v. Smith, 1954, 261 Ala. 181, 73 So.2d 717; Rogers v. Mason, 1952, 345 Ill.App. 560, 104 N.E. 2d 354; Teeter v. Pugsley, 1947, 319 Mich. 508, 29 N.W.2d 850. To overcome the motion it would be necessary for the defendant to have proved willful or wanton contributory conduct by the plaintiff. Prater v. Buell, 1949, 336 Ill.App. 533, 84 N.E.2d 676. However, in the trial of the case, the defendant had no duty to go further than to allege and prove ordinary care or contributory negligence as a bar to recovery by the plaintiff under the plaintiff's complaint. Since the defendant had no notice of plaintiff's intention to request an amendment, and since a different defense would be required under the amendment, which the defendant may or may not have been capable of proving, the defendant cannot be said to have had a fair opportunity to defend against the issue raised by the motion.

In filing his motion under Rule 15(b), the plaintiff has apparently assumed that the issue of willful or wanton conduct was tried by the implied consent of the parties. There is no authorization within the above rule to allow an amendment to the pleadings to conform to proof merely because evidence presented which is competent and relevant to the issue created by the pleadings may incidentally tend to prove another fact not in issue. Simms v. Andrews, 10 Cir., 1941; 118 F.2d 803; Macris v. Sociedad Maritima San Nicolas, D.C., 1955, 19 F.R.D. 397, affirmed 2 Cir., 1957, 245 F.2d 708, certiorari denied 1957, 355 U.S. 922, 78 S.Ct. 364, 2 L.Ed.2d 353. Where proof is taken only under the claim of the complaint, there is no proper case for amendment even though the proof may prove another issue. The plaintiff gave no indication of, or intention to claim, additional grounds for relief during the course of the trial. The line of demarcation as to what evidence might go no further than proving mere negligence and that which may tend to prove willful or wanton conduct is not so clear and capable of recognition as to warrant a holding that if evidence submitted under a complaint of negligence may also tend to prove willful, wanton or reckless conduct by the defendant, the defendant impliedly consents to its introduction for

that purpose if he has made no objection, even though the plaintiff has not made his additional purpose clear during the trial. No consent to the trial of the issue created by the motion has been shown.

Furthermore, this case was fully tried and the evidence was quite complete, and it appears to this court that as a matter of fact there was no evidence in the case which would indicate that there was any "willful, wanton or reckless conduct" on the part of the Coast Guard or any of its personnel in any particular whatsoever.

It follows, therefore, that the motion of the plaintiff must be denied.

Order in accordance with this opinion will be presented.