Geneva Handell and Joseph Handell, Plaintiffs-Appellants, v. Chicago Transit Authority, et al., Defendants-Appellees.

**Gen. No. 48,049.**

First District, First Division.

March 20, 1961.

1

Hubbard, Hubbard & Dorgan, of Chicago, for appellants.

William J. Lynch and William S. Allen, and Chester A. Wynne, and James E. Hastings, all of Chicago, for appellees.

MR. JUSTICE BURMAN delivered the opinion of the court.

This is a personal injury suit growing out of injuries sustained by a pedestrian struck by a streetcar in an intersection controlled by four automatic signal traffic lights. The jury returned a verdict in favor of defendant. The trial court overruled plaintiff's motion

for a new trial and entered judgment on the verdict. Plaintiff has appealed.

Plaintiff's husband, Joseph Handell, joined her in this suit, claiming damages for loss of services and medical expenses, and is also a party to this appeal, but we hereafter use "plaintiff" to refer solely to Geneva Handell.

Plaintiff was employed as a checker in the National Tea Store at 79th Street and Damen Avenue, Chicago. On the morning of May 29, 1954, she alighted from the front end of a southbound State Street streetcar onto a safety island at 79th Street. She intended to board another streetcar at the northeast corner that would take her west on 79th Street to Damen Avenue. As she was crossing east across State Street, she was struck by defendant's northbound streetcar. She was severely injured and suffered permanent injuries.

State Street runs north and south and 79th Street extends east and west. The safety island, which was sixty-four feet long, was forty feet north of the unmarked crosswalk on the north side of State Street. From the north curb of 79th Street to the south end of the safety island was fifty-two feet and five inches. Included in these dimensions was the unmarked crosswalk of twelve feet five inches. From curb to curb 79th Street is forty-two feet and seven inches wide. There is a switch track which begins near the south end of the safety island and proceeds south on State Street and then west on 79th Street.

There is a direct conflict in the evidence as to whether plaintiff was struck in an unmarked crosswalk or at a place forty or more feet north of the crosswalk; and whether, at the time, the lights controlling traffic at the intersection were red for north and south traffic. The grounds of appeal urged by plaintiff are that the court erred in its ruling in respect to giving and refusing instructions.

4

Plaintiff testified as follows: She stayed on the safety island with other passengers until the streetcar she alighted from turned right to go west on 79th Street. She observed the light was green for east and west traffic; and that the streetcar on the northeast corner was then motionless. The first rail of the north-bound track was about four or five feet from her. She was in the crosswalk and when she first saw the street-car that struck her it was right on top of her and she was struck while in the middle of the northbound track. She did not hear any gong or warning of any kind.

A witness for plaintiff testified as follows: He also got off the State Street streetcar and alighted at the safety island to wait for the next State Street car going south. After the State Street streetcar turned west, plaintiff walked east crossing State Street. "She was in the south traffic lane in the walkway." The light was then green for traffic going east and west and was red for north and south traffic. He said the street-car came through the red light and struck her while in the center of the northbound rails. The streetcar didn't sound any gong and he did not hear any application of brakes.

On cross examination this witness testified that he got off the front end of the streetcar and walked north fifteen or twenty feet on the safety island to wait for the next car so he could get on the rear of the car. After plaintiff was struck he said she fell right at his feet in the southbound tracks.

Defendant's motorman testified that he stopped the car at 79th Street and proceeded north with a green light; that when he was halfway across 79th Street a streetcar on the southbound track proceeded around the curb going west on 79th Street; that when he was about twenty-five feet north of the north curb line of 79th Street, "I noticed some people on the island on the

5

north of the intersection, and I saw one lady—first a couple of them came out, stepped out and then they stepped back again, and another woman went right out across—with her head down, into my streetcar." That he sounded his gong from the time he crossed the intersection until plaintiff was struck; that when he first saw plaintiff step out from a group of ten or twelve people on the island she was about fifteen feet away; that he was then going five miles an hour at the time and the car went five feet after the occurrence, and that he came in contact with plaintiff "right alongside the motorman" about five feet back on the left side.

Another witness for defendant testified that he was sitting on the left hand side about the fourth seat from the front of the streetcar going north on State Street; that the light was green when the car entered 79th Street; that he saw plaintiff on the island; and that "she was stepping on the tracks, you know, and just as the streetcar was on the north side of 79th Street, she tried to cross and the streetcar struck her."

Plaintiff contends it was reversible error to give defendant's instruction 15 embodying paragraphs (a) and (d) of section 75 of the Uniform Traffic Act, Ill. Rev. Stat. 1959, Ch. 95½, § 172; plaintiff argues that section 75 has no application to an intersection where traffic is controlled by traffic signals and it was prejudicial error for the trial court to tell the jury that section 75 was in full force and effect at the time and place of the accident. Defendant's instruction 15 states:

"The court instructs the jury that there was in full force and effect at the time and place of the accident in question in this case, a certain statute of the State of Illinois which provided, among other things, as follows:

6

(a) 'Every pedestrian crossing a roadway at any point other than within a marked crosswalk or within an unmarked crosswalk at an intersection, shall yield the right of way to all vehicles upon the roadway.

(d) 'Notwithstanding the provisions of this section every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway and shall give warning by sounding the horn when necessary and shall exercise proper precaution upon observing any child or any confused or incapacitated person upon a roadway.' "

In support of this contention plaintiff quotes Randal v. Deka, 10 Ill.App.2d 10, 134 N.E.2d 36; Stegall v. Carlson, 6 Ill.App.2d 388, 128 N.E.2d 352; Taylor v. Ries, 3 Ill.App.2d 256, 121 N.E.2d 352; Anderson v. Middleton, 350 Ill. App. 59, 111 N.E.2d 904; Breitmeier v. Sutera, 327 Ill. App. 221, 63 N.E.2d 667; Tuttle v. Checker Taxi Co., 274 Ill. App. 525. In Randal the Appellate Court held "because sub-paragraph (d) of the statute was omitted therefrom, it did not fully and completely state the law governing the issue before the court." It cited many of the aforementioned cases and we need not discuss them. In addition in Randal there was a peremptory paragraph which is not the case here. In Tuttle the instruction quoted an ordinance that was repealed. In addition to being peremptory the court there said, "it ignores the rule that both pedestrians and drivers of automobiles on the public streets are required by law to use care to avoid accidents." In the case at bar sub-paragraph (d) was given to avoid this error.

■ We think Section 75 of the Uniform Traffic Act correctly stated the principal of law which was applicable to defendant's theory of its case. There was

7

evidence that plaintiff was struck forty or more feet from the crosswalk. In Chicago Union Traction Co. v. Browdy, 206 Ill. 615, 69 N.E. 570, the Supreme Court, after pointing out there was a conflict in the evidence, said:

"Each party has the right to have the jury instructed upon his theory of the case, if it has a basis in the evidence upon which to rest."

█ Every party has the right to have the law applicable to his case stated clearly and accurately to the jury. See Sims v. Chicago Transit Authority, 7 Ill.App.2d 21, 129 N.E.2d 23.

> "It is elementary that every party has the right to have the law applicable to his case stated fairly, clearly, distinctly and conveyed to the jury with substantial accuracy so that it may not be misled to the prejudice of the party (citing cases). He has the right to have the jury instructed upon his theories of recovery or defense (citing cases). Failure to give a party these rights which are tantamount to a fair and just trial, whenever the case is close upon its facts or the evidence conflicting, and the failure is material, requires that the verdict be set aside. . . ."

██ Plaintiff argues that the second part of defendant's instruction 15 based on Section 75 of the Uniform Traffic Act is not applicable to streetcars. She claims that the express omission of "streetcar" from the mention of "vehicle" in this section and the express inclusion of "motorman" in Section 32, Ill. Rev. Stat. 1959, Ch. 95½, § 129, indicates that Section 75 was not intended to include streetcars. She contends that since the instruction did not mention "motorman" the jury "would conclude" it did not apply to the motorman in this case. It seems to us more likely that the jury would construe the require-

8

ment for a driver of a vehicle to apply to the operator of a streetcar. We see no prejudicial error.

■ ■ Plaintiff next contends that the trial court erred in refusing to give plaintiff's instruction 1. That instruction told the jury that Section 32 of the Uniform Traffic Act, Ill. Rev. Stat. 1959, Ch. 95½, § 129, was in effect, pertaining to an intersection where there are traffic lights. After quoting the statute, that instruction included a peremptory paragraph reading as follows:

> "If you believe from a preponderance of the evidence that the plaintiff, Geneva Handell, was a pedestrian crossing State Street at 79th Street and was at the time in question and immediately prior thereto in the exercise of ordinary care and caution for her own safety, and if you further believe from a preponderance of the evidence that the defendant violated said statute and that it was negligent in so doing and that such negligence on the part of the defendant proximately caused the injury in question through no fault on the part of the plaintiff, Geneva Handell, then you may find the defendant guilty."

The trial court gave this instruction as plaintiff's instruction 11, but modified it by eliminating the last paragraph. We have examined the record and find no objection by plaintiff in the conference on instructions to the giving of this instruction in the modified form. We must therefor presume that plaintiff acquiesced in the modification. Madison v. Wigal, 18 Ill.App.2d 564, 153 N.E.2d 90; Goodman v. Motor Products Corporation, 22 Ill.App.2d 378, 161 N.E.2d 31. Both instructions, defendant's 15 and plaintiff's 11, quoting the sections of the statutes applicable to the right of way theories of the case, were given by the court to the

9

jury without peremptory paragraphs. We think this was correct.

 Lastly, plaintiff contends that the court committed reversible error in refusing to give plaintiff's instruction 9, which reads:

"The jury is instructed that in approaching a street intersection where automatic traffic lights are operating, a motorman driving a streetcar is under a duty to use due care to keep his streetcar under control so that he can comply with the traffic signals, and if pedestrians who began crossing on the intersecting street when the light was green for them have not reached the other side, such motorman has a duty to wait for such pedestrians to give them time in which to reach the other side."

In support of this contention plaintiff relies on Mahan v. Richardson, 284 Ill. App. 493, 1 N.E.2d 100. That case did not involve a question of given or refused instructions. The sole question there was whether the trial court erred in directing a verdict for defendant. That case held that motorists and operators of streetcars have a duty to allow pedestrians on crosswalks of an intersection when a traffic light changes against them to get to a place of safety before proceeding in accordance with traffic signal. And if he is momentarily paralyzed with fear and takes a step or two in the wrong direction it cannot be said that as a matter of law he acted negligently. Also cited by plaintiff is the case of Arney v. Bogstad, 100 S.E.2d 749 (Va.), where an instruction similar to the instruction in question was held to be proper. In that case, as in Mahan, there was no dispute that plaintiff was in the crosswalk as distinguished from the case at bar. If the jury believed, on the contrary, that plaintiff was some distance from the crosswalk then the provisions

10

of the statute apply under which a vehicle operator must use due care to avoid striking pedestrians and the pedestrian is under a duty to yield the right of way.

Plaintiff's instruction 9 told the jury that plaintiff was in the crosswalk and consequently would have misled the jury. It ignored the evidence and the law pertaining to pedestrians crossing at a point other than a crosswalk.

An instruction "is erroneous which singles out and gives undue permanence to certain facts while ignoring other facts proven of equal importance in proper determination of the case." Scott v. Snyder, 116 Ill. App. 393. See also Tanner v. Clapp, 139 Ill. App. 353; Peters v. Madigan, 262 Ill. App. 417.

The trial court exercises a wide discretion as to the form in which instructions shall be given. Isley v. McClandish, 299 Ill. App. 564, 20 N.E.2d 890. It is, of course, necessary that the instruction should be accurate, especially where the evidence is conflicting, Rogers v. Mason, 345 Ill. App. 560, 104 N.E.2d 354, and the case is close on the facts. Edwards v. Hill-Thomas Lime & Cement Co., 378 Ill. 180, 37 N.E.2d 801. A court of review assumes as it must, that in rendering a general verdict upon two theories which are fully presented and well argued by able counsel, as in this case, the jurors did discriminate intelligently basing their verdict on the evidence. We are of the opinion that by the giving of plaintiff's instruction 11 and defendant's instruction 15 the jury was not misled as to the issues and was fairly instructed.

For the reasons stated the judgment of the Circuit Court is affirmed.

Affirmed.

KILEY, P.J. and MURPHY, J. concur.